IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard Perry,  Case No. 3:09CV1847

    Plaintiff

v.  ORDER

Commissioner of Social Security,

    Defendant

In this appeal, I review defendant Commissioner of Social Security's (Commissioner) final decision denying plaintiff Richard Perry's claims for disability insurance benefits (DIB) under Title II of the Social Security Act (SSA), 42 U.S.C. §§ 416(i) and 423, and Supplemental Security Income (SSI) under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*. Jurisdiction is proper under 28 U.S.C. § 1331 and 42 U.S.C. § 405(g).

Perry objects [Doc. 16] to the Magistrate Judge's Report and Recommendation (Magistrate's Report) [Doc. 15] which recommends affirming the administrative law judge's (ALJ) decision. Based on a *de novo* review of the record, I remand in part for further proceedings consistent with this opinion.

**Procedural History**

Perry filed an application for DIB and SSI in July, 2005, alleging a disability onset date of February 20, 2005. The Social Security Administration denied Perry's claim both initially and on reconsideration. ALJ Bryan J. Bernstein held a hearing on December 21, 2007, and denied Perry's application in a written decision on September 10, 2008.

On June 18, 2009, the Appeals Council denied Perry's request for review, thereby rendering the ALJ's decision the final judgment of the Commissioner.

Perry then sought judicial review of the Commissioner's decision. On August 6, 2010, Magistrate Judge Vernelis K. Armstrong issued a Report and Recommendation recommending I affirm the Commissioner's decision.

**Medical History**

The Magistrate fully elaborated Perry's medical history, which I summarize. Perry is an individual with a twelfth-grade education who previously worked as a restaurant manager and a forklift operator. In 2004, while operating a forklift he suffered head trauma and neck injury. A cervical diskectomy performed on his neck in June 2005 provided relief. In late 2005, Dr. Zambrano diagnosed Perry with chronic obstructive pulmonary disease, pulmonary emphysema, chronic pain in the neck and varicose veins in both legs. In 2006, Dr. Zambrano diagnosed chronic low back pain, herniated disc at L5-5 and cervical disc protrusion. In 2007, Perry complained of migraine headaches, for which Dr. Mohamed prescribed medication.

**Testimony**

Perry testified that he hit his head on pole while driving a forklift. He testified that he went back to work for about a week after the accident, but was unable to continue. He stated that he had neck surgery as a result, and later developed lower back pain, which he assumed to be related to the accident. Perry explained that the surgery had been helpful for his neck pain and that he was now contemplating lower back surgery, but is hesitant to proceed due to the inherent risk of damaging the spine. Perry testified that he also suffers from occasional numbness in his legs as a result of his

back pain, and therefore sometimes walks with a cane. Perry testified that he is currently seeing a pain specialist, Dr. Mohamed.

Perry testified that his wife vacuums the house and takes care of the chores. Perry stated that his wife did these chores before Perry's injury, but that Perry used to cook and no longer does due to a heightened sensitivity to smoke. Perry testified that he grocery shops with his wife. He testified that he rarely drives. Perry stated that his adult son moved back home to help with chores Perry can no longer do, such as cutting grass and shoveling snow.

Perry testified that he takes pain pills for his back and migraines, as well as various medications for his cholesterol and his emphysema. He added that he had recently been hospitalized for emphysema, and has difficulty functioning. He testified that walking leaves him out of breath.

Perry estimated that he could only stand for five minutes without assistance, and testified that he always uses his cane to walk.[1] He testified that while he can lift a gallon of milk, he has difficulty reaching, grabbing, and pulling, due to his back injury. Perry testified that he had difficulty sitting for long periods of time because of pain, and has to fidget. He explained that he could not lift any amount without pain.

He testified that he used to work as a manager of a Denny's restaurant, but would be unable to do so now because it requires too much bending, lifting, and walking. Perry explained that, based on his experience, he would be unable to work as a manager at any restaurant due to the physical requirements. He testified that the work is strenuous, and would affect his breathing.

---

[1]A statement that seems to conflict with Perry's earlier testimony.

## Standard for Disability

The standard for disability under both the DIB and SSI programs is substantially similar. 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. To determine disability, the ALJ engages in a sequential, five-step evaluative process. The ALJ considers whether: 1) the claimant is engaged in work that constitutes substantial gainful activity; 2) the claimant is severely impaired; 3) the claimant's impairment meets or equals the Secretary's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, App. 1; 4) claimant can perform past relevant work; and 5) other jobs exist in significant numbers to accommodate claimant if claimant cannot perform his past relevant work, given his residual functional capacity (RFC), age, education and past work experience. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four, after which the burden shifts to the Commissioner at step five. *Id.* at § 404.1520(a)(4). The claimant must provide evidence of functional limitations, not simply diagnosis of an impairment. 20 C.F.R. § 404.1512(c).

## ALJ Findings

The ALJ found that, in sum, [R. at 14-21]:

1) Perry met the insured status requirements of the SSA through December 31, 2010;

2) Perry had not engaged in substantial gainful activity at any time relevant to this decision;

3) Perry had severe impairments: pulmonary problems, as well as lumbar and cervical disc defects;

4) Perry had impairments that do not meet or medically equal any impairment listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

5) Perry had the RFC to perform a restricted range of work activity;

6) Perry was able to perform past relevant work;

7) Perry was 47 years old, defined as a "younger individual" at the time of his alleged onset of disability, and is now "an individual closely approaching advanced age";

8) Perry had at least a high school education and is able to communicate in English;

9) transferability of job skills was not material to the disability determination while Perry was less than 50 years old because the Medical-Vocational Rules provide a framework for concluding that Perry was not disabled, whether or not he has transferable job skills; transferability of job skills is material to the determination of disability when Perry is 50 years of age or older because the framework supports a finding that the claimant is not disable if his job skills are transferable, and disabled if his jobs skills are not transferable.

10) there are jobs in the national economy that Perry can perform;

11) Perry was not under a "disability" as defined by the SSA from February 20, 2005, through September 10, 2008.

In conclusion, the ALJ found that Perry was not disabled under §§ 216(i), 223(d), or 1614(a)(3)(A) of the SSA.

## Standard of Review

When reviewing the Magistrate's Report, I make a *de novo* determination regarding the portions to which Perry objects. *See* 28 U.S.C. § 636(b)(1).

In reviewing the Commissioner's decision, I must determine whether substantial evidence supports the ALJ's findings, and whether the ALJ applied the proper legal standards. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). I "may not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If substantial evidence supports it, I must affirm the ALJ's decision, even if I would have decided the matter differently. 42 U.S.C. § 405(g); *Kinsella v.*

*Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, *supra*, 889 F.2d at 681 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether substantial evidence supports the ALJ's findings, I view the record as a whole, *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980), and consider anything in the record suggesting otherwise. *See Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978).

## Discussion

Perry objects to the Magistrate's findings that: 1) the ALJ appropriately evaluated Perry's need for an at-will sit/stand option; 2) substantial evidence supports the ALJ's finding that Perry could perform his past relevant work as generally performed; 3) the hypothetical question on which the ALJ relied was accurate and complete with respect to Perry's need for the sit/stand option and the limitations on his ability to walk; 4) the testimony of the vocational expert (VE) did not conflict with the Dictionary of Occupational Titles (DOT), or that the VE provided a reasonable explanation for that conflict.

### I. Perry's Need for a Sit/Stand Option

Perry argues that the ALJ erred by failing to specify how long Perry could sit without interruption when he found that Perry "would require the option to sit or stand while working." [R. at 15]. The Magistrate found that the ALJ's failure to specify how long Perry could sit or stand was not error because the ALJ intended that Perry have the discretion to sit or stand at will.

Perry first objects to the Magistrate's finding that the ALJ found that Perry needed an at-will sit/stand option. Perry argues specifically that there is no textual evidence in the record that the ALJ found that Perry needed the ability to change positions at his discretion. Perry contends that, as a matter of law, a reference to the option to sit or stand is inherently ambiguous. This argument is without merit.

Social Security Ruling (SSR) 96-9(p) requires that, where a claimant needs to alternate sitting, standing or walking, "the RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." 1996 WL 374185 *7. The ALJ found that Perry "would require the option to sit or stand while working," thereby unambiguously stating that the frequency of Perry's need to alternate between sitting and standing must be at Perry's discretion. [R. at 15]. The ALJ therefore did not err by omitting increments of time to be spent in each position. *Williams v. Astrue*, 2009 WL 2840497, *10 (E.D. Mich. 2009) (*citing Ketelboeter v. Astrue,* 550 F.3d 620, 626 (7th Cir. 2008)). The Defendant Commissioner notes that the ALJ in fact included a greater restriction than an RFC finding that specified a certain number of minutes that Perry would have to sit before standing. [Doc.13]. Even if this were error, it would be harmless, because the ALJ relied on the arrangement (discretionary) most favorable to Perry's case.

## II. Past Relevant Work as Generally Performed

Perry contends that the ALJ misidentified Perry's past relevant work as generally performed. Perry specifically argues that the ALJ erroneously identified Perry's past work as the exertionally light position of a restaurant manager, as opposed to Perry's actual job as a "working manager"—a position he contends is more strenuous. Defendant argues that Perry's argument should fail because

7

the ALJ could consider if Perry could perform his past relevant work either as Perry actually performed the job or as the job was generally performed at Step 4, under SSR 82-62. The ALJ did not misidentify Perry's past relevant work.

Under SSR 82-61, the proper inquiry is whether Perry retains the capacity to perform past relevant work as ordinarily required by employers throughout the national economy. In making this determination, the ALJ is authorized to rely on the description in the DOT for the definition of the job as it is usually performed:

> A former job performed by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."

SSR 82-61, 1982 WL 31387. Where there is a discrepancy between the DOT and the claimant's description of the work—such as in the case of a composite job— the position should be evaluated according to the particular facts of the case, and a VE may testify as to how a particular job is usually performed. *Id. See also, Studaway v. Secretary of Health and Human Services,* 815 F.2d 1074, 1076 (6th Cir. 1987) (Where claimant was limited to light work and could not return to a former custodial job requiring medium exertion, vocational testimony establishing the existence of a significant number of custodial jobs requiring only light exertion supported the Secretary's determination that the claimant could perform his former type of work.); 20 C.F.R. § 404.1520(a)(4)(iv) (indicating that "[i]f you can still do your past relevant work, we will find that you are not disabled.").

Here, the ALJ questioned the VE with particularity regarding the functions of restaurant managers. He emphasized that "local managers tend to be, as the claimant described it, a working manager, in that they are actually involved in replacing staff that don't appear." [R. at 368]. The ALJ asked the VE whether, as a result, there is "a significant enough difference that the DOT job and characterization of a manager should not be applied in this case." *Id.* The VE responded that there was not. The ALJ, therefore, correctly identified the position of restaurant manager as generally performed, and Perry's objection on this point is overruled. As explained below, however, the ALJ's determination that Perry could perform this past relevant work, given his RFC, was not based on substantial evidence.

### III. Hypothetical Question

In the fifth step of the evaluative process, the burden of proof shifts to the Commissioner. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 836 (6th Cir. 2006). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Perry] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This kind of "[s]ubstantial evidence may be produced through reliance on the testimony of a vocational expert (VE) in response to a 'hypothetical' question, but only 'if the question accurately portrays [Perry's] individual physical and mental impairments.'" *Id.* (internal citations omitted). Perry contends that the ALJ erred by failing to include the frequency that Perry could sit without interruption or any restrictions on walking in the hypothetical posed to the VE, such that the hypothetical question did not adequately address Perry's physical limitations. I agree.

If the Commissioner seeks to rely on VE testimony to prove the existence of a substantial number of jobs that a claimant can perform, the testimony must be given in response to a hypothetical question that accurately describes the claimant in all significant, relevant aspects. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (the hypothetical should provide the VE with ALJ's assessment of the what the claimant "can and cannot do."). A response to a flawed hypothetical question is not substantial evidence and cannot support a finding that work exists which a claimant can perform. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 517 (6th Cir. 2010) (listing cases).

Here, the ALJ relied on the VE's testimony in response to the hypothetical: "I'd like you to consider someone who would be–would have to sit or stand while working, and what of their impairments would prevent this person from standing longer than 50% of an eight-hour work day." [R. at 367]. In his decision, the ALJ found that Perry required the option to sit or stand while working, and the description of Perry's limitations in the hypothetical question should have reflected this restriction. Instead, the ALJ's hypothetical did not clearly convey Perry's need to sit or stand at will. Accordingly, Perry's limitations were not fully conveyed to the VE.

Perry also argues that the ALJ's hypothetical should have incorporated Perry's limited ability to walk. The ALJ found that impairments would prevent Perry from "standing and walking longer than 50% of an 8-hour workday," [R. at 15], but the defendants concede that the hypothetical question is silent with respect to Perry's ability to walk. While it is likely true that standing and walking are often grouped together when discussing a person's limitations, the hypothetical question must precisely and comprehensively set out every physical and mental impairment that the ALJ accepts as true and significant. *Schmidt-Ress v. Astrue*, 2010 WL 1258015, *9 (N.D. Ohio). The

hypothetical as presented to the VE was thus also incomplete with respect to Perry's limited ability to walk.

Because the controlling hypothetical inadequately described Perry's limitations, the expert's conclusion that Perry could work as restaurant manager (as generally performed),[2] institutional food service supervisor, diet clerk or food checker does not serve as substantial evidence that Perry could perform this work. The ALJ's conclusion in this regard was error.

## IV. Conflict Between the VE and the DOT

Perry objects to the Magistrate's finding that there was no conflict between the ALJ's determination that Perry would be unable to stand and/or walk longer than fifty percent of an eight-hour work day, and the VE's identification—in response to the to the ALJ's hypothetical question—of two light jobs (food service manager and food service supervisor) Perry could perform. The Magistrate found that there was no inconsistency between the contention that Perry could perform light work, and Perry's inability to walk and/or stand for six hours, despite the statement in SSR 83-10 that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251. Because I have found

---

[2] The ALJ determined that Perry would be able to perform his past relevant work as a restaurant manager as it is described in the DOT, though not as Perry performed it. As explained above, I found that the ALJ correctly identified Perry's past relevant work. The regulations permit an ALJ to use the services of a VE at Step 4 to determine whether a claimant can do his past relevant work, given his RFC. *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. App'x 425, 429 (6th Cir. 2007). In making his determination at Step 4, the ALJ relied on the VE's testimony, which was in turn based on the ALJ's incomplete hypothetical question. [R. at 19]. ("The vocational expert confirmed the existence of a managerial position at such restaurants which would conform to the judge's hypothetical."). Thus, the ALJ's determination that Perry was not disabled at Step 4 was likewise not based on substantial evidence.

that the hypothetical question posed to the VE was flawed, I need not reach Perry's objection to the VE's testimony.

## CONCLUSION

For the foregoing reasons, it is hereby:

ORDERED THAT the Report and Recommendation of the United States Magistrate Judge be granted in part and overruled in part. This case is therefore remanded for further proceedings in accordance with this opinion.

So ordered.

<u>s/James G. Carr</u>
U.S. District Judge