# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHEN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Richard Perry, | : | Case No. 3:09CV01847 |
| Plaintiff, | : | |
| v. | : | |
| Commissioner of Social Security, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Defendant. | : | |

This case was referred to the undersigned Magistrate for report and recommendation. Pending is Plaintiff's Motion for Attorney Fees, Defendant's Response and Plaintiff's Reply (Docket Nos. 20, 21 & 22). For the reasons that follow, the Magistrate recommends that the Court grant Plaintiff's Motion for Attorney Fees.

**PROCEDURAL BACKGROUND.**

On July 20, 2005, Plaintiff filed applications for SSI and DIB (Tr. 329-333, 334-336). The applications were denied initially and upon reconsideration on November 14, 2005 and February 2, 2006, respectively (Tr. 325-327, 322-324, 29-31, 26-27). ALJ Bryan J. Bernstein conducted a hearing on December 21, 2007. Plaintiff, represented by counsel, and Vocational Expert (VE) Dr. Joseph Havranek appeared and testified (Tr. 341). On September 10, 2008, ALJ Bernstein rendered an unfavorable decision (Tr. 12-21). The Appeals Council denied Plaintiff's request for review on June 18, 2009 (Tr. 3-5).

Plaintiff filed a timely civil action in this Court on August 18, 2009 (Docket No. 1). The

undersigned Magistrate recommended that the Court affirm the Commissioner's decision (Docket No. 15). United States District Court Judge James G. Carr adopted the Report and Recommendation (R&R) in part. District Court Judge Carr found that: (1) the ALJ did not err in including a greater restriction than a residual functional capacity finding that specified a certain number of minutes that Plaintiff would have to sit before standing; (2) even though the ALJ wrongfully determined that Plaintiff could return to his past relevant work, the ALJ correctly identified that the position of restaurant manager as generally performed as a position that Plaintiff could perform; and (3) Plaintiff's limitations were not fully conveyed to the VE, specifically, his need to sit or stand at will, the ALJ's conclusion with respect to the work that Plaintiff could perform was in error (Docket No. 18).

Plaintiff filed a timely Motion for Attorney Fees (Docket No. 20). Defendant seeks an order denying the Motion for Attorney Fees (Docket No. 21).

### STANDARD OF REVIEW FOR AWARDING ATTORNEY FEES.

The Equal Access to Justice Act (EAJA) requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified, or special circumstances would make an award unjust. *Coleman v. Astrue,* 2011 WL 767884, *1 (N. D. Ohio 2011) (*citing Howard v. Barnhart,* 376 F.3d 551, 553 (6th Cir. 2004) (*quoting Scarborough v. Principi*, 504 U.S. 401 (2004)); *see also* 28 U.S.C. § 2412(d)(1)(A)). The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award. 28 U.S.C.A. § 2412(b) (Thomson Reuters 2011).

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that: (1) the

party is a prevailing party, (2) the party is eligible to receive an award under this subsection, (3) the position of the United States was not substantially justified and (4) the itemized statement from any attorney or expert witness representing or appearing in behalf of the party states the actual time expended and the rate at which fees and other expenses were computed. 28 U. S. C. § 2412(d)(1)(B) (Thomson Reuters 2011).

To gain prevailing party status, the Supreme Court has determined that "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Marshall v. Commissioner of Social Security,* 444 F.3d 837, 840 (6th Cir. 2006) (*citing Buckhannon Board & Care Home, Incorporated v. West Virginia Department of Health & Human Resources*, 121 S.Ct. 1835, 1840 (2001) (*quoting Texas State Teachers Association v. Garland Independent School District*, 109 S.Ct. 1486, 1493 (1989)); *see Farrar v. Hobby*, 113 S.Ct. 566, 573 (1992) ("[T]he prevailing party inquiry does not turn on the magnitude of the relief obtained.")). One does not earn "prevailing party" status by simply obtaining a remand for further proceedings before the agency from which he or she appealed. *Id.* (*citing Sullivan v. Hudson*, 109 S.Ct. 2248, 2255 (1989)).

The statute qualifies the meaning of eligible party to mean "an individual whose net worth did not exceed $2,000,000 at the time of the civil action was filed." *Butler v. Commissioner of Social Security Administration*, 2010 WL 6560747, *2 (N. D. Ohio 2010 (*citing* 28 U.S.C. § 2412(d)(2)(B) (Thomson Reuters 2010)).

The "substantial justification standard" is essentially one of reasonableness. *Coleman, supra*, 2011 WL 767884 at *1 (*citing Sullivan v. Hudson*, 109 S.Ct. 2248, 2254 (1989); *Pierce v. Underwood*, 108 S.Ct. 2541, 2548 (1989)). The pertinent inquiry is whether the Commissioner's position in initially

denying benefits and defending the denial in federal court had a reasonable basis in law and fact. *Id.* (*citing Pierce,* 108 S.Ct. at 2550; *Anderson v. Commissioner of Social Security*, 198 F.3d 244 (6th Cir. 1999) (unpublished)).  The reversal of the Commissioner's decision, even on the basis of a lack of substantial evidence, fails to "raise the presumption that the Government's position was not substantially justified" for purposes of the EAJA. *Id.* (*citing Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989)). Whether the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought. 28 U. S. C. § 2412(d)(1)(B) (Thomson Reuters 2011). The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart,* 103 S. Ct. 1933, 1941 (1983).

## ANALYSIS.

Plaintiff contends that he is a prevailing party because he obtained a benefit from judicial review, to wit, a court remand predicated on administrative error. Defendant does not contest the assertion that Plaintiff is a prevailing party.

Next, Plaintiff asserts that he is an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. Therefore, he meets the statutory requirement that entitles him to an award of attorney fees. Defendant, too, does not contest that Plaintiff is eligible to receive an award of attorney fees.

At the third prong, however, the parties have diverse views on whether Defendant's position was substantially justified. Plaintiff claims that Defendant's position was not substantially justified because the Commissioner failed to follow his own rules in determining whether Plaintiff could perform past

4

relevant work given his residual functional capacity and whether the hypothetical question accurately addressed Plaintiff's physical limitations.  Defendant suggests that even though the ALJ's decision did not meet the higher level of substantial evidence, the Magistrate Judge ruled in the Commissioner's favor on all of the arguments advanced by Plaintiff which is evidence of the reasonableness of the Commissioner's position.  Further, instead of overturning the ALJ's decision and awarding benefits, the Court remanded this case for further proceedings, which also supports the reasonableness of the ALJ's decision.

Because Plaintiff has won a remand does not automatically translate into a presumption that the Commissioner's position was not substantially justified.  Ascertaining whether Commissioner was justified in substance is based on whether the Commissioner can show that he had a reasonable basis in law and in fact to undertake the challenged action to a degree that would satisfy a reasonable person. Here the District Court Judge determined that the position of the Commissioner, including the administrative posture and the merits of the agency action at issue, were unreasonable in law.  The Magistrate reemphasizes that the standards for review of the hypothetical question are limited to the precise and comprehensive description of every physical and mental impairment of the applicant that the ALJ accepts as true and significant.  *See Schmidt-Ress v. Astrue,* 2010 WL 1258015, *9 (N. D. Ohio 2010) (*see Varley v. Secretary of Health & Human Services*, 820 F.2d 777, 779 (6th Cir. 1987)).  In cases of unusual limitation of the ability to sit or stand, a VE should be consulted to clarify the implications for the occupational base. TITLES II AND XVI: CAPACITY TO DO OTHER WORK-THE MEDICAL VOCATIONAL RULES AS A FRAMEWORK FOR EVALUATING EXERTIONAL LIMITATIONS WITHIN A RANGE OF WORK OR BETWEEN RANGES OF WORK, 1983 WL 31253, SSR 83-12 (1983).

In this case, the ALJ found that Plaintiff required an option to sit or stand while working.  The

Commissioner concluded that the evaluation of Dr. Mohmoud Mohamed that Plaintiff did not need a cane to ambulate minimally in a normal work day and that Plaintiff could sit at one time for sixty minutes and stand at one time for sixty minutes covered the sit and stand option.  As explained in Judge Carr's Order, this hypothetical did not clearly convey specific requirements that Plaintiff alternate between standing and sitting beyond normal breaks.  Therefore, the ALJ's determination of Plaintiff residual functional capacity was not reasonable.  The result is a finding that is inconsistent with established precedent in the Social Security Rulings.  Since the Social Security Rulings are binding on all components of the Social Security Administration (SSA), the Commissioner was required to comply with the final opinions and orders and statements of policy and interpretations that the SSA adopted.  In this case, the Commissioner's failure to follow its own basic policies and interpretations of the rules as they relate to a determination of whether Plaintiff could work without a sit and/or stand option and whether that lack of a sit and/or stand option affected residual functional capacity, is not arguably defensible and therefore not substantially justified.

Since the Plaintiff has successfully met the threshold requirements and determined her entitlement to an award of attorney fees, the Magistrate next addresses the applicable standard for determining the amount of attorney fees to be awarded.  Plaintiff has presented itemized time schedules from all attorneys appearing in his behalf, a schedule of costs, calculation of hourly wages, resumes and the fee agreement.  Plaintiff seeks an order awarding attorney fees based on a calculation of the number of hours reasonably expended on this litigation multiplied by an enhanced hourly rate.  Defendant does not contest the amount of hours expended, the reasonableness of the amount of hours expended or the amount of costs for which reimbursement is sought.

The party seeking an award of attorney's fees has the burden of proving that the number of hours

for which compensation is sought was reasonably expended. *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999). Counsel for the prevailing party should make a good faith effort to exclude from the fee request, hours that are excessive, redundant or otherwise unnecessary. *Id.* Hours may be cut for duplication, padding or frivolous claims. *Holden v. Bowen*, 668 F. Supp. 1042, 1049 (N. D. Ohio 1986). Beyond the allowances for duplicative services, the district court must identify those hours and articulate the reasons for their elimination from hours of service adequately documented. *Id.* An award of fees for preparation of the fee application is compensable under EAJA. *Seymore v. Secretary of Health and Human Services,* 738 F. Supp. 235, 238 (N.D. Ohio 1990). In the Northern District of Ohio, the attorneys of record have traditionally been awarded fees for expending approximately 25 hours to successfully defend the case and prepare the fee application. *See Hopkins v. Commissioner*, 3:07 CV 2121 and *McClanahan v. Commissioner,* 3:00 CV 7196. The amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services furnished, except that attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U. S. C. § 2412(d) (2)(A) (Thomson Reuters 2011).

The Magistrate has reviewed the schedule of distinct services performed by all of Plaintiff's counsel. The requests for fees are adequately documented. Kirk Roose reviewed all of the pleadings and prepared the application for fees and time schedules. Loretta J. Willey also reviewed all of the pleadings, prepared the request to proceed *in forma pauperis* and communicated with Plaintiff about the status of his case. Eric Schnaufer prepared the brief, reply brief, objections to the report and recommendation and his time schedules. All counsel made a good faith effort not to duplicate services or expend excessive, redundant or unnecessary hours. There is no evidence of padding or frivolous claims in the 28.6 hours

used to advance Plaintiff's claims and keep him abreast of all legal proceedings.

In determining the hourly amount to be awarded, the Magistrate is familiar with the quality of work performed by Kirk Roose and Loretta Willey in social security cases. Eric Schnaufer advised that he practiced social security law for more than twenty years. He is an attorney licensed in two states, admitted to practice in six of the eleven circuit courts and the United States Supreme Court (Docket No. 20, Attachment 1, p. 3 of 3). Based on the strength of arguments made by Mr. Schnaufer, Plaintiff was awarded a remand. Clearly all counsel in this case are members of a limited number of qualified attorneys who are competent and willing or able to handle social security cases. Accordingly, the Magistrate is persuaded that Plaintiff is eligible for an award of attorney fees in excess of $125 per hour.

In assessing whether Plaintiff is entitled to a rate that is consistent with the rate of inflation, Plaintiff proffered the cost of living analysis reflected in the Consumer Price Index (CPI). The Magistrate independently reviews that amount of time spent on litigating the case in 2009 and 2010.

The effective date of the statutory rate of $125 is March 1996. The CPI in 1996 was 155.7. The CPI for all urban wage earners increased to an index level of 211.703 in December 2009. Www.bls.gov/cpi/#tables. The increase in the CPI was a factor of 1.3596 in 2009 (211.703 ÷ 155.7). Multiplying this factor by the hourly rate of $125, the result is $169.96 per hour. Counsel expended 16.4 hours in 2009. The Magistrate finds that the total fee of $2787.35 is an accurate and appropriate amount of fees for work completed in 2009.

The CPI for all urban wage earners in December 2010 was 215.262. Www.bls.gov/cpi/#tables. The increase in the CPI was a factor of 1.382 in 2010 (215.262 ÷ 155.7). Multiplying this factor by the hourly rate of $125, the result is $172.82 per hour. Counsel expended 12.2 hours in 2010. The Magistrate finds that the total fee of $2108.40 is an accurate and appropriate amount of fees for work

completed in 2010.

In pursuing these claims, counsel averred that $57 in costs were incurred in the civil action through December 23, 2010.

## CONCLUSION

For the foregoing reasons, the Magistrate recommends that the Court (1) grant Plaintiff's Motion for Attorney Fees, (2) award Plaintiff attorney fees in the amount of $4,895.75, (3) award Plaintiff costs of $57 and (4) terminate the referral to the undersigned Magistrate.


/s/Vernelis K. Armstrong
United States Magistrate Judge


Dated: December 15, 2011


## NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within

fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.